IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR228** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **SERGIO TOVAR-ARREDONDO,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's motion to consider a sentence at the low end of the sentencing guideline range, i.e., 12 months (Filing No. 26). Neither party has objected to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant requests a sentence at the low end of the guideline range, which defense counsel represents is 12 months. Counsel's reasoning is that one offense led to both a 4-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(D) and a 1-point increase in his criminal history score that in turn led to a higher criminal history category. The Court points out that the sentencing guideline range is 8-14 months; therefore, a request for a 12-month sentence is a request for a mid-range sentence. Therefore, the Court is uncertain as to the Defendant's specific request. The motion will be addressed at sentencing.

IT IS ORDERED:

1. The Defendant's motion for a sentence at the low end of the sentencing guideline range (Filing No. 26) will be addressed at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 3rd day of January, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge